UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Douglas Adacia, aka Adacia Douglas,** ) | **CASE NO. 1:25 CV 1405** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **Mayor Justin Bibb, *et al*.,** ) | |
| ) | |
| **Defendants.** ) | |

## INTRODUCTION

*Pro se* Plaintiff Douglas Adacia[1] filed this Complaint asserting claims for use of excessive force, denial of freedom of speech and freedom of expression, battery, unlawful detainment, retaliation, and assault against Cleveland Mayor Justin Bibb, Cleveland Police Chief Dorothy Todd, Cleveland Police Constable Mark Webster, Police Officer Williams, the City of Cleveland, and Cuyahoga County.

This case is the sixth of ten cases Plaintiff has filed with similar allegations against the City of Cleveland and Cuyahoga County. *See Adacia v. Cuyahoga Cty Sheriff*, No. 1:25 CV 01312 (N.D. Ohio filed June 24, 2025)(Barker, J.); *Adacia v. Cuyahoga Cty Sheriff Dept.*, 1:25 CV 1326 (N.D. Ohio filed June 25, 2025)(Gaughan, J.); *Adacia v. Bishop William A. Cosgrove*

---

[1] Plaintiff identifies himself as Douglas Adacia in the case caption but signs his name at the end of the Complaint as Adacia Douglas. (Doc. No. 1 at PageID #: 1, 14).

*Center*, No. 1:25 CV 1336 (N.D. Ohio filed June 26, 2025)(Barker, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1388 (N.D. Ohio filed July 1, 2025)(Fleming, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1393 (N.D. Ohio filed July 2, 2025)(Brennen, J.); *Adacia v. Bibb*, No. 1:25 CV 1405 (N.D. Ohio filed July 3, 2025)(Gaughan, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1442 (N.D. Ohio filed July 9, 2025)(Brennen, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1469 (N.D. Ohio filed July 14, 2025)(Polster, J.); *Adacia v. Bibb*, No. 1:25 CV 1484 (N.D. Ohio filed July 15, 2025)(Fleming, J.); *Adacia v. Focus Cleveland,* No. 1:25 CV 1516 (N.D. Ohio filed July 21, 2025). Plaintiff frequently visits City of Cleveland and Cuyahoga County offices and requests the production of public records. It is not clear what type of records he is seeking or the manner in which he issues his requests. However, both the City of Cleveland and Cuyahoga County have deemed his behavior disruptive enough to issue no trespass orders barring him from City and County public buildings. The Complaints allege that the Mayor of Cleveland, the Cleveland Chief of Police, and the Cuyahoga County Sheriff's Department formed a street gang and recruited law enforcement officers and civilians to target him for violence.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

**BACKGROUND**

Plaintiff describes himself as a religious spiritual leader, entertainment guru, civil rights activist, promoter for Make America Great Again ("MAGA"), and supporter of President Donald Trump. He alleges that the defendants colluded with each other to carry out a plan to

harass him, physically assault him, and destroy his name, image and reputation by forming a street gang. He indicates that this gang is trying to steal his money and divert power that he receives from the people. He alleges that he generates hundreds of millions of dollars annually and helped Donald Trump win election. He states he created music for popular artists like Sean "Puffy" Combs, and Robert Sylvester Kelly. He claims this has placed him in a violent and deadly war with the Chief Executive Officers of the entertainment industry and garnered extreme hatred from rival political and religious parties. He alleges a mob-style hit was ordered on him. He states that the gang of defendants have murdered family members, friends, supporters, and investors and have brought fictitious charges against him and bribed judges and prosecutors. He alleges that the Cleveland Police and Cuyahoga County employees recruit private citizens to spit on him, cough in his face, and threaten him with guns. He states it is unsafe for him to eat in pubic.

     Plaintiff alleges he scheduled a meeting with Mayor Bibb. He states that Cleveland Police Officers threatened him and told him to leave and not to return to the building. He was served with a no trespass order for all City of Cleveland public buildings. He nevertheless returned to the Mayor's Office a few months later. He claims the Mayor's door was open so he went into the room. Officer Williams was providing security for the Mayor's Office that day. Although he explained to Officer Williams that he had scheduled an appointment with the Mayor, the officers became aggressive with him and told him to leave. He contends that Officer Williams implemented a scheme that the other defendants developed to violate him any way they can. He claims officers at City Hall show hostility toward him and sometimes do not allow

him to enter the building He claims Officer Williams told him he was trespassing and he needed to leave. He was told that if he refused to leave, he would be arrested and physically removed. He states Officer Williams and other officers walked him out and tried to take his phone. He indicates he told them he would leave but that he was going to pick up public records. He claims the officers told him he would not be allowed to stay to obtain the records and would not be permitted to make additional public records requests. Plaintiff states he left City Hall without the records.

Plaintiff asserts claims for use of excessive force, denial of freedom of speech and freedom of expression, battery, unlawful detainment, retaliation, and assault. He seeks $26,000,000.00 in damages.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

### **DISCUSSION**

In reviewing a complaint, this Court generally must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, is given discretion to refuse to accept without question the truth of Plaintiff's allegations when they are fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Much of Plaintiff's Complaint is delusional, including allegations of mob-style hits to steal millions of dollars made in the entertainment business, and gangs of police and civilians orchestrated by the Cleveland Mayor and Cleveland Police Chief to assault or kill Plaintiff. These claims do not contain a coherent, rational statement of fact, or a plausible legal claim.

The only lucid claim in this Complaint is asserted against Officer Williams for use of excessive force. Plaintiff claims that he returned to the Mayor's Office despite the prior trespass order, and walked into the Mayor's Office without being invited in. He was stopped by Officer

Williams who was providing security for the Mayor and was walked out of the building. Plaintiff asserts a claim for use of excessive force, which in this case is governed by the Fourth Amendment reasonableness standard. *Graham v. Connor,* 490 U.S. 386, 395-96 (1989). That standard requires that the officer's use of force be objectively reasonable, balancing the cost to the individual against the government's interests in effecting the seizure. *Id.* at 396. This standard contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case. *Id.* Plaintiff claims that Officer Williams and other officers ordered him to leave, walked behind him, and gave him no choice other than leaving. He claims officers attempted to take his cell phone. It is unclear if they succeeded in getting the phone. He was not arrested. The allegations in the Complaint do not plausibly suggest that Officer Williams used excessive force to remove him from the premises.

### **CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 7/30/25

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court